[Civ. No. 56377. Second Dist., Div. Two. Nov. 14, 1979.]

ALLSTATE SAVINGS AND LOAN ASSOCIATION,
Plaintiff and Respondent, v.
JAMES A. MURPHY et al., Defendants and Appellants.

COUNSEL

Margolis, McTernan, Scope, Sacks & Epstein and James G. Varga for Defendants and Appellants.

Norton A. Kesten for Plaintiff and Respondent.

**OPINION**

**BEACH, J.—**

### FACTS

Following a foreclosure sale of defendant borrowers' single-family dwelling by the holder of the first trust deed on the property, plaintiff

lender sued defendants for the unpaid amount on two promissory notes, which were secured by trust deeds on the same property and whose proceeds were used for the construction of a swimming pool and a concrete block wall at the property. Plaintiff alleged in its complaint that as a result of the senior creditor's foreclosure sale, which did not provide funds to satisfy defendants' indebtedness to plaintiff, plaintiff's deeds of trust were rendered valueless. Defendants interposed the defense of the anti-deficiency provision of Code of Civil Procedure section 580b (hereafter referred to as section 580b or the statute). After the trial court granted plaintiff's motion for summary judgment on the ground that section 580b applies only to loans to finance the purchase of a dwelling and not to loans for the construction of a swimming pool, defendants appealed.

## Issue On Appeal and Holding

■ The question presented on appeal is whether section 580b bars a deficiency judgment against a lender who loaned a borrower money for the purpose of constructing a swimming pool. We hold it does not, as we shall explain below.

## Discussion

Section 580b provides in pertinent part: "No deficiency judgment shall lie in any event...under a deed of trust, or mortgage...on a dwelling for not more than four families given to a lender to secure repayment of a loan which was in fact used to pay all or part of the purchase price of such dwelling occupied, entirely or in part, by the purchaser." ■ A statute which has a single meaning apparent on its face requires no interpretation. (*Friends of Mammoth* v. *Board of Supervisors,* 8 Cal.3d 247, 256 [104 Cal.Rptr. 761, 502 P.2d 1049]; *Benor* v. *Board of Medical Examiners,* 8 Cal.App.3d 542, 546-547 [87 Cal.Rptr. 415].) ■ Here, the statute clearly contemplates protection of the borrower who takes out a loan to finance the purchase of a dwelling. In the case at bench, however, plaintiff loaned defendants money not to finance the purchase of a dwelling but to finance the construction of a swimming pool some 17 months after they had bought the dwelling and moved in. *Prunty* v. *Bank of America,* 37 Cal.App.3d 430 [112 Cal.Rptr. 370], relied on by defendants, is factually distinguishable. In *Prunty,* the purpose of the loan was to build a *dwelling* on land

already owned by the borrower. We hold that construction loans for improvements or repairs of the the type involved in this case are not within the description of loans protected by the purchase-money deficiency prohibition of section 580b. (See Hetland, Cal. Real Estate Secured Transactions (Cont.Ed.Bar 1974) § 9.27, p. 218: construction loans do not fall under section 580b's antideficiency provision unless used by the borrower to finance his personal residence.)

The judgment is affirmed.

Roth, P. J., and Fleming, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied January 24, 1980.